UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICOLE R. COLCHIN | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:24-cv-00351-HAB-ALT |
| INDIANA DEPARTMENT OF TRANSPORTATION, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

On September 25, 2025, Plaintiff filed her Motion to Compel Discovery (ECF 31) asking that the Court compel Defendant Indiana Department of Transportation ("IDOT") to "respond fully" to Interrogatories No. 2, 8, and 12, to "provide responsive records" to Requests for Production No. 26, 27, 28, and 34, and to provide complete copies of the documents produced at INDOT 248, 262-63, and 321-27 (*Id.* at 1). Defendant argues that documents within Defendant's possession, custody, or control have been retained and produced in discovery. (ECF 32). However, many communications and documents are in the exclusive possession of non-party Indiana State Personnel Department ("SPD"), and Defendant is not obliged to seek out, obtain, and produce said documents in discovery. *See* Fed. R. Civ. P. 34(a)(1); (ECF 32 at 2).

I held a hearing on the motion on October 30, 2025, at which oral argument was heard. (ECF 35). For the reasons below, I will grant Plaintiff's Motion to Compel in part and deny it in part.

**I.    The Court finds that because SPD is the human resources department of IDOT, IDOT must produce documents/communications held by SPD.**

In considering whether Defendant can be compelled to respond to Interrogatories No. 2, 8, and 12, or to provide responsive records to Requests for Production No. 26, 27, 28, the issue boils down to the legal relationship between IDOT and SPD. Under FRCP 34(a)(1): "a party may serve a request for the production of documents that are in another party's possession, custody, or control." *Boyd Grp. (U.S.), Inc. v. D'Orazio*, No. 1:14-cv-7751, 2015 WL 5321262, at *3 (N.D. Ill. Sept. 11, 2015). The parties both rely heavily on *Boyd Grp. (U.S.), Inc.*, which deals with whether D'Orazio had a legal right to demand document production from his former employees, attorneys, and agents, and thus was required to produce documents. *Id.* The court explains, "[i]t is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather the test is whether the party has a legal right to obtain them." *Id.* (citation and internal quotation marks omitted). Because D'Orazio had a right to obtain documents from his former attorneys, the court required D'Orazio to produce documents from his former attorneys. *Id.*

Just as D'Orazio was a client of his former attorneys, IDOT is a client of SPD. First, SPD acts as the human resources provider for IDOT. (ECF 33-1). It performs such functions as onboarding and offboarding of employees and managing employee records. (*Id.* at 2-3). For instance, Mr. Faller is the HR Manager for IDOT but is employed by SPD. (ECF 31-1 at 4; ECF 33 at 1-6). Despite being employed by SPD, Mr. Faller works physically in the IDOT office and previously verified IDOT's answers to Plaintiff's interrogatories. Thus, although officially employed by SPD, Faller seems to operate as an agent for IDOT, like an attorney for a client in *Boyd*.

To consider a hypothetical, say a small business hires an outside firm to manage its human resources. Then, the business gets sued. Under *Boyd Grp. (U.S.), Inc.*, the records from

the third-party human resources firm would absolutely be discoverable through a discovery request to the business. The business could not refuse to produce its employee documents just because it contracts with a third-party. Because of the legal relationship of the business as the client of the human resources firm, the documents held by the human resources firm would be discoverable through a request to the business. In the case at hand, IDOT and SPD are public state agencies, but the relationship between them is the same, making SPD's documents/communications within IDOT's "possession, custody, or possession, custody, or control[,]" *Boyd*, *Grp. (U.S.), Inc.*, 2015 WL 5321262, at *3, and discoverable through Plaintiff's request to Defendant IDOT[1].

Additionally, Defendant has demonstrated its ability to obtain and produce documents from SPD. On October 9, 2025, Defendant produced Mr. Johnson's personnel file which was in possession of SPD and managed by Mr. Faller. (ECF 33 at 8). Defendant was also able to obtain Plaintiff's file from SPD during this litigation. (*Id.*). And IDOT did not lodge any objection in producing either file, arguably waiving the very objection they now advance. These prior actions demonstrate the close working relationship between IDOT and SPD, its human resources provider.

IDOT's position is also without legal support. I asked IDOT's counsel at oral argument whether he had any case, statute, administrative code, or other support for IDOT's position. He confirmed, other than his interpretation of *Boyd Grp.*, there was none. Nor can I find any. If

---

[1] It is worth noting that this finding is limited to the relationship between IDOT and SPD (as IDOT's human resources provider). Defendant argues a finding that SPD's documents were discoverable through a discovery demand on IDOT would result in parties issuing a discovery demand on one state agency and using it to obtain documents from all state agencies. This would be an improper reading of this Order.

IDOT wants to advance so narrow a view of its discovery obligations, it is not too much to ask that they do so with a modicum of legal backing.

Thus, the Court finds that as the human resources department of IDOT, IDOT must produce documents/communications held by SPD and Plaintiff's motion as to these documents and communications will be granted.

## II.     The Court finds Defendant violated Rule 34 by failing to sufficiently label discovery documents.

Plaintiff argues that Defendant produced or "dumped" documents without context by failing to state which interrogatory and/or production request they are responsive to in violation of FRCP 34. (ECF 31-1 at 15). In the hearing held on October 30, 2025, Defendant described the scant labeling of the documents produced thus far. Although disorganized, unlabeled pages of discovery in the hundreds (ECF 32 at 2) does not amount to the thousands of pages as concerned the court in *S.E.C. v. Collins & Aikman Corp.,* this practice is still unduly burdensome to Plaintiff. 256 F.R.D. 403, 410 (S.D.N.Y. 2009) (Rule 34 "prohibits 'simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought.'" (citation omitted)); *see also Outzen v. Kapsch Trafficcom USA, Inc.*, No. 120-cv-01286-TWP-MJD, 2021 WL 3673786, at *6 (S.D. Ind. Aug. 19, 2021) (requiring "the producing party give some structure to its production: a party may not dump voluminous, poorly organized documents on its adversary and force him or her to rummage through piles of paper in search of what is relevant" (citation and internal quotation marks omitted)). Thus, Defendant violated Rule 34 by failing to sufficiently label discovery documents.

## III.    The Court finds that Plaintiff speculates about the existence of additional documents/communication, and without evidence, the Court cannot compel discovery.

Plaintiff argues that Defendant's produced documents indicate the existence of other documents or communications that Defendant has not produced, particularly as to Request for Production No. 34. (ECF 31-1 at 15-16). However, Defendant argues there are no text records found between Kip Bunch and Travis Marsh, and Plaintiff does not cite to these documents, nor does she argue how these "documents" specifically state or suggest that text messages between those two individuals regarding Plaintiff exist. Looking at the briefs, it is true that Plaintiff has not identified what documents support her proposition that communications occurred which Defendant has not produced. Thus, Plaintiff's position seems speculative and not grounded in evidence. Accordingly, Plaintiff's motion to compel documents or communications, whose existence is speculative without additional evidence, will be denied.

Given these findings, Plaintiff's motion to compel (ECF 31) is GRANTED IN PART and DENIED IN PART as set forth herein. The Court ORDERS Defendant to produce Plaintiff's requested documents and communications in its and SPD's possession on or before November 17, 2025. Defendant is further ORDERED to produce a supplemental response to Plaintiff's requests for production, properly identifying those documents that are responsive to each request, on or before November 17, 2025. Plaintiff is afforded fourteen days thereafter to move for attorney's fees related to the Motion to Compel Discovery.

SO ORDERED.

Entered this 3rd day of November 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge